1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    TYRONE ANTHONY SHOLES,            Case No. 1:24-cv-01098-JLT-CDB  (HC)

12              Petitioner,             **ORDER TO SHOW CAUSE WHY
                                        PETITION SHOULD NOT BE DISMISSED**
13        v.                            **AS UNTIMELY**

14    CHANCE ANDES, Warden              (Doc. 1)

15              Respondent.             21-Day Deadline

16

17        Petitioner Tyrone Anthony Sholes ("Petitioner") is a state prisoner proceeding pro se with

18    a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1, "Petition").  Petitioner

19    challenges his 2014 convictions in the Tulare County Superior Court.  (*Id.* at 1).  Because it

20    appears the Petition is untimely, the Court will afford Petitioner an opportunity to show cause

21    why the Court should not dismiss the Petition.

22    **Preliminary Screening**

23        Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

24    review of each petition for writ of habeas corpus.  Pro se habeas corpus petitions are to be

25    liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must

26    dismiss a petition "[i]f it plainly appears from the petition … that the petitioner is not entitled to

27    relief."  Habeas Rule 4; *see Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v.*

28    *Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1988).  In conducting this initial review, the Court may

1    *sua sponte* raise the timeliness of the petition but should only dismiss after allowing the petitioner

2    adequate notice and an opportunity to respond.  *Day v. McDonough*, 547 U.S. 198, 210 (2006)

3    (holding that "district courts are permitted, but not obliged, to consider, *sua* sponte, the timeliness

4    of a state prisoner's habeas petition" but "before acting on its own initiative, … must accord the

5    parties fair notice and an opportunity to present their positions").

6    **Discussion**

7         Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute

8    of limitations applies to petitions seeking habeas relief under § 2254.  28 U.S.C. § 2244(d)(1).

9    Generally, the one-year clock starts to run on "the date on which the judgment became final by

10   the conclusion of direct review or the expiration of the time for seeking such review."  42 U.S.C.

11   § 2244(d)(1)(A).  Statutory tolling applies to the "time during which a properly filed application

12   for State post-conviction or other collateral review with respect to the pertinent judgment or claim

13   is pending."  42 U.S.C. § 2244(d)(2).  In limited circumstances, a petitioner is entitled to delayed

14   commencement of the limitations period.  42 U.S.C. § 2244(d)(1)(B)-(D).  Additionally, equitable

15   tolling may be granted to a petitioner under limited circumstances if he shows that (1) he has been

16   pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and

17   prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

18        Here, Petitioner filed his federal habeas petition on August 20, 2024.[1]  (Doc. 1 at 12).

19   Petitioner indicates his conviction was affirmed on direct appeal on June 20, 2016, and the

20   California Supreme Court declined review on July 25, 2017.  (*Id.* at 2).  Thus, Petitioner's

21   conviction became final on October 23, 2017, when his deadline to seek certiorari from the

22   United States Supreme Court expired.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The

23   one-year statute of limitations to file a federal petition began to run the next day, such that it

24   expired on October 23, 2018.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  The

25   only subsequent state collateral proceedings Petitioner identified occurred in 2023 or later.  (*See*

26   Doc. 1 at 3-4).  However, state habeas petitions filed after the one-year statute of limitations

27

28   [1] The Court applies the mailbox rule and deems the Petition filed on the date Petitioner delivered it to the prison authorities for mailing to the Court.  *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).

1  expired do not revive the statute of limitations and have no tolling effect.  *See Larsen v. Soto*, 742

2  F.3d 1083, 1088 (9th Cir. 2013) (state petition filed over one year after conviction became final

3  did not render subsequent federal petition timely).  Petitioner fails to plead facts demonstrating he

4  is entitled to the delayed triggering events in § 2244(d)(1)(B)-(D) or equitable tolling.  Because it

5  appears in this case the statute of limitations expired no later than October 23, 2018, the Petition

6  is untimely.

7      However, before the Court dismisses the petition as untimely, it will afford Petitioner an

8  opportunity to explain how his petition complies with § 2244(d) or why equitable tolling should

9  apply.  In presenting any argument regarding equitable tolling, Petitioner is cautioned to

10  specifically address the requirements set forth in *Holland*.

11  **Conclusion and Order**

12      Accordingly, IT IS ORDERED:

13      Within 21 days from the date of this order, Petitioner SHALL show cause in writing why

14  the Petition should not be dismissed as untimely.

15      Any failure to timely comply with this Order may result in a recommendation that the

16  Petition be dismissed.

17  IT IS SO ORDERED.

18  Dated:   **July 25, 2025**

19                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28