1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11    TYRONE ANTHONY SHOLES,                    Case No. 1:24-cv-01098-JLT-CDB  (HC)

12                      Petitioner,             **FINDINGS AND RECOMMENDATIONS
                                                TO DISMISS PETITION FOR WRIT OF
13           v.                                 HABEAS CORPUS AS UNTIMELY AND
                                                FOR PETITIONER'S FAILURE TO
14    CHANCE ANDES, Warden                      PROSECUTE AND TO OBEY COURT
                                                ORDERS**
15                      Respondent.
                                                **14-DAY DEADLINE**
16
                                                (Doc. 1)
17

18

19           Petitioner Tyrone Anthony Sholes ("Petitioner") is a state prisoner proceeding pro se with

20    a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1, "Petition").  For the

21    reasons set forth below, the undersigned recommends the district court dismiss this action for

22    Petitioner's failure to prosecute and to obey court orders and/or because the petition is untimely.

23    **Background**

24           Petitioner filed his habeas petition on August 23, 2024, challenging his 2014 convictions

25    in the Tulare County Superior Court.  (Doc. 1 at 1).  Pursuant to Rule 4 of the Rules Governing §

26    2254 Cases, the undersigned conducted a preliminary screening of the petition and determined it

27    was untimely.  (Doc. 9).  Accordingly, on July 25, 2025, the undersigned ordered Petitioner to

28    show cause why the petition should not be dismissed.  (*Id.* at 3).  The undersigned cautioned that

1   "[a]ny failure to timely comply with this Order may result in a recommendation that the Petition

2   be dismissed." (*Id.*).  Petitioner did not file a response to the order to show cause, and the

3   deadline to do so has expired.

4   **Failure to Prosecute and to Obey Court Orders**

5          Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that

6   "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

7   be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of

8   the Court."  E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and

9   may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the

10  action.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an

11  action based on a party's failure to prosecute an action, obey a court order, or comply with local

12  rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

13  to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,

14  130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,

15  779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local

16  rules).

17         "In determining whether to dismiss an action for lack of prosecution, the district court is

18  required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

19  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

20  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

21  sanctions."  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &

22  citation omitted).  These factors guide a court in deciding what to do and are not conditions that

23  must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products*

24  *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

25         Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if

26  the petitioner fails to comply with a court order.  Fed. R. Civ. P. 41(b).  "By its plain text, a Rule

27  41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply."

28  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation

marks, citation, and footnote omitted).  The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, Petitioner has failed to comply with the Court's order and Local Rules.  Petitioner has filed no response to the Court's order to show cause, and the time to do so has expired.  There are no other reasonable alternatives available to address Petitioner's failure to respond and otherwise obey this Court's orders.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440.  The third factor—risk of prejudice to Respondent—also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re PPA*, 460 F.3d at 1228.  As discussed further below, the undersigned has determined the petition is time barred and Petitioner's failure to respond to the order to show cause in a manner that would establish he is entitled to equitable tolling prevents the Court from reaching the merits of the petition.  Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262.  Here, as discussed above, the Court's order cautioned Petitioner that failure to comply would result in dismissal.  (Doc. 4 at 4).

1    Having weighed the relevant factors, the undersigned recommends the petition be

2    dismissed for failure to prosecute and to obey a court order.

3    **Timeliness of the Petition**

4    Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute

5    of limitations applies to petitions seeking habeas relief under § 2254. 28 U.S.C. § 2244(d)(1).

6    Generally, the one-year clock starts to run on "the date on which the judgment became final by

7    the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C.

8    § 2244(d)(1)(A). Statutory tolling applies to the "time during which a properly filed application

9    for State post-conviction or other collateral review with respect to the pertinent judgment or claim

10   is pending." 42 U.S.C. § 2244(d)(2). In limited circumstances, a petitioner is entitled to delayed

11   commencement of the limitations period. 42 U.S.C. § 2244(d)(1)(B)-(D). Additionally, equitable

12   tolling may be granted to a petitioner under limited circumstances if he shows that (1) he has been

13   pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and

14   prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

15   Here, Petitioner filed his federal habeas petition on August 20, 2024.[1] (Doc. 1 at 12).

16   Petitioner indicates his conviction was affirmed on direct appeal on June 20, 2016, and the

17   California Supreme Court declined review on July 25, 2017. (*Id.* at 2). Thus, Petitioner's

18   conviction became final on October 23, 2017, when his deadline to seek certiorari from the

19   United States Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The

20   one-year statute of limitations to file a federal petition began to run the next day, such that it

21   expired on October 23, 2018. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The

22   only subsequent state collateral proceedings Petitioner identified occurred in 2023 or later. (*See*

23   Doc. 1 at 3-4). However, state habeas petitions filed after the one-year statute of limitations

24   expired do not revive the statute of limitations and have no tolling effect. *See Larsen v. Soto*, 742

25   F.3d 1083, 1088 (9th Cir. 2013) (state petition filed over one year after conviction became final

26   did not render subsequent federal petition timely). Petitioner has failed to show that any of the

27

28   ───────────
[1] The Court applies the mailbox rule and deems the Petition filed on the date Petitioner delivered it to the prison authorities for mailing to the Court. *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).

delayed triggering events in § 2244(d)(1)(B)-(D) are applicable or that he is entitled to equitable tolling.  Because it appears in this case the statute of limitations expired no later than October 23, 2018, the Petition is untimely.  Accordingly, the undersigned recommends the petition be dismissed.

**Conclusion and Order**

Accordingly, IT IS RECOMMENDED as follows :

1.    The Court DISMISS the petition for writ of habeas corpus for Petitioner's failure to prosecute this action and to comply with the Court's orders (*see* E.D. Cal. Local Rule 110) and as untimely under AEDPA; and

2.    The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **August 26, 2025**

_____
UNITED STATES MAGISTRATE JUDGE