UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ANTHONY SHOLES,<br><br>              Petitioner,<br><br>      v.<br><br>CHANCE ANDES, Warden,<br><br>              Respondent. | Case No. 1:24-cv-01098 JLT CDB (HC)<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 10) |

       Tyrone Anthony Sholes is a state prisoner proceeding pro se with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and found the petition appeared untimely, because Petitioner indicated "his conviction was affirmed on direct appeal on June 20, 2016, and the California Supreme Court declined review on July 25, 2017." (Doc. 9 at 1-2.) The magistrate judge ordered Petitioner to show cause why the petition should not be dismissed as untimely, because the information provided indicated the statute of limitations expired in 2018 and the collateral state proceedings identified in the petition did not revive the statute of limitations. (*Id.* at 3.) The Court granted Petitioner 21 days to respond. (*Id.*)

       After Petitioner did not respond to the Court's order to show cause, the magistrate judge issued Findings and Recommendations, reiterating the prior findings that the petition was untimely. (Doc. 10 at 4-5.) The magistrate judge also found Petitioner failed to prosecute the

1    action, failed to comply with the Court's order, and failed to comply with the Local Rules.  (*Id.*
2    at 1, 3.)  The magistrate judge found terminating sanctions are appropriate after considering the
3    factors identified by the Ninth Circuit in *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988).
4    (*Id.* at 2-4.)  The magistrate judge recommended dismissal "for Petitioner's failure to prosecute
5    this action and to comply with the Court's orders … and as untimely."  (*Id.* at 5.)

6        The Court served the Findings and Recommendations upon Petitioner and notified him
7    that any objections were to be filed within 14 days.  The Court advised him that the "failure to
8    file objections within the specified time may result in the waiver of certain rights on appeal."
9    (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Petitioner did not
10   file objections, and the time to do so has passed.

11       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
12   Having carefully reviewed the matter, the Court concludes the finding that the petition is untimely
13   is supported by the record and proper analysis.  Likewise, the Court agrees Petitioner failed to
14   prosecute the action and failed to comply with the Court's order and adopts the findings that
15   terminating sanctions are appropriate on these grounds.  However, the magistrate judge did not
16   specify the Local Rule that Petitioner failed to comply with (Doc. 10 at 3), and the Court declines
17   to speculate as such.  To the extent the magistrate judge refers to Local Rule 110, the rule
18   addresses the authority of the Court to impose sanctions.  (*See* Local Rule 110.)  Therefore, the
19   Court declines to adopt the finding that Petitioner also failed to comply with the Local Rules.

20       The Court also considers whether to issue a certificate of appealability.  A petitioner
21   seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
22   his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537
23   U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on procedural
24   grounds, the court may only issue a certificate of appealability if "jurists of reason would find it
25   debatable whether the petition states a valid claim of the denial of a constitutional right and that
26   jurists of reason would find it debatable whether the district court was correct in its procedural
27   ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the Court finds that
28   reasonable jurists would not find the Court's determination that the petition is untimely debatable

or wrong, or that Petitioner stated a valid claim of the denial of a constitutional right. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 26, 2025 (Doc. 10) are **ADOPTED** in part.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
3. The Clerk of Court is directed to close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 17, 2025**                                        _Jennifer L. Thurston_
                                                                  UNITED STATES DISTRICT JUDGE